## Tellco Trading, Inc. v. Sitkin Smelting & Refining, Inc.

*Albert Houck,* for plaintiff.
*David M. Barron* of *Houck & Barron,* for defendant.
KELLER, J., (Thirty-Ninth Judicial District, Spe-

cially Presiding), July 12, 1972.—Plaintiff filed its complaint January 11, 1972, and the same was duly served on defendant on January 13, 1972. On February 2, 1972, defendant filed preliminary objections in the nature of a motion to strike, or alternatively for a more specific complaint. The matter came on for argument on May 15, 1972.

The essence of plaintiff's complaint is that a corporation named Rolla-Sitkin Metals, Inc. (hereinafter referred to as Rolla) as the "duly authorized agent" of defendant, it being a wholly-owned subsidiary of defendant, contracted on June 15, 1970, with plaintiff to purchase one car load of irony guilding metal burnings for "$.13 lb., as is, fob shipping pt." with the shipping point being Harvey Aluminum at Los Angeles, California. The document referred to as a contract, exhibit A, is, in fact, a signed purchase order form addressed to plaintiff. It includes what appears to be instructions for prompt delivery at Lewistown, Pa., via certain railroads. Plaintiff alleges a shipping weight of 100,400 lbs. and a contract price of $13,052, and a payment *by defendant* of $10,000 on July 28, 1970, and $375.82 on September 15, 1970, leaving a balance due of $2,676.18. Plaintiff claims the balance due plus interest from July 2, 1970.

The primary thrust of defendant's preliminary objections nos. 1, 3, 4 and 5 is that plaintiff has failed to plead with specificity by what authority Rolla was acting, and that it was acting within the scope of its authority. At argument, defendant also contended that the allegation that Rolla is a "wholly owned subsidiary of defendant" further complicates the question of the alleged agent's authority by inferring the authority to act as agent is based solely on defendant's ownership.

"In pleading the authority of an agent, it is sufficient

to aver that a person is the duly authorized agent or acted as the duly authorized agent of the principal or that the agent's acts were ratified by the principal.

"It is not necessary to plead the details on which the authorization or ratification is based. To require this would be to require the pleading of evidence": 2A Anderson Pa. Civ. Prac. §1019.35, and cases there cited.

We are satisfied the foregoing quotation is a correct statement of the law, and must, therefore, conclude plaintiff is not required to plead the authority of Rolla with greater specificity. If Rolla is, in fact, the agent of defendant, ·then defendant surely has superior knowledge of its agent's authority and to require plaintiff to plead that which defendant knows would be a bootless act. If Rolla is not defendant's agent, defendant can certainly deny the allegations. We note parenthetically that defendant's alleged payment of over $10,000 could raise the issue of ratification.

Plaintiff has failed to show the relevancy of the allegation that Rolla is the wholly-owned subsidiary of defendant, and it does appear to create an entirely unnecessary issue. We, therefore, conclude that the allegation in plaintiff's paragraph 3 is scandalous and must be stricken. In the event plaintiff is convinced of the relevancy of the allegation, it may, as an alternative to striking, replead the paragraph with greater specificity.

Defendant's preliminary objection no. 2 attacks paragraph 4 of the complaint which alleges:

"By the terms of said contract the Plaintiff agreed to sell and deliver to defendant at its smelting plant at Lewistown, Pennsylvania, one car load of Irony Guilding Metal Turnings for the minimum price of thirteen cents per pound F.O.B. the shipping point."

We understand defendant's objection is predicated on the fact that there appears to be a patent inconsistency between plaintiff's exhibit A and paragraph 4. The exhibit seems to clearly show a purchase "FOB shipping pt.," while the paragraph seems to aver a sale and delivery at defendant's plant at Lewistown.

Pennsylvania Rule of Civil Procedure 1019(a) provides "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Here, the facts alleged appear to be totally inconsistent and defendant is, therefore, not informed with the precision required by our fact-pleading system what plaintiff intends to prove at trial of this case.

We will require plaintiff to plead its paragraph 4 with specificity, so that the inconsistency above noted is eliminated.

Defendant's preliminary objection no. 6 attacks plaintiff's demand for interest from July 2, 1970, on the ground that plaintiff has pleaded no facts demonstrating how plaintiff determined the date from which interest would be calculated. Plaintiff has contented itself with responding to defendant's objection by stating it is not a proper subject for preliminary objections.

We do not agree with plaintiff's cavalier treatment of the objection. We are satisfied that it is virtually hornbook law in Pennsylvania that a creditor is entitled to interest at the legal rate from the date a debt is due and payable. However, the burden is upon the creditor of proving the date payment is due and interest commences to run. In the case at bar, plaintiff has averred it is entitled to interest from July 2, 1970. There is no magic in the date itself; there must be some reason plaintiff selected it, but he has failed

to inform defendant and the court of that essential fact.

We, therefore, grant the motion for a more specific pleading.

Since plaintiff will be required to replead, it is recommended that the verification be completed to show the office of the affiant.

## ORDER

Now, July 12, 1972, defendant's motion to strike the allegation that Rolla is a wholly-owned subsidiary, is granted, unless plaintiff elects to file a more specific pleading as heretofore authorized. Defendant's preliminary objections nos. 2 and 6, are sustained; all others are overruled. Plaintiff is granted 20 days from this date to file a more specific complaint in accordance with the foregoing opinion.

Exceptions are granted plaintiff and defendant.